JUDGE KAPLAN

08 CV 7168

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

JOSE MUNOZ, Individually and on Behalf of All
Other Persons Similarly Situated,
                                      Plaintiffs,

    -against-

CAFFE SILVESTRI, INC., and ANNA SILVESTRI
d/b/a CAFFE NAPOLI,
                                      Defendants.
---------------------------------------------------------------X

**CLASS ACTION COMPLAINT**

Index No. _____

**Jury Trial Demanded**

RECEIVED AUG 11 2008 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, through his attorneys, complaining of Defendants, alleges as follows:

## NATURE OF ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and former employees, classified by Defendants as wait staff and other comparable positions with different titles, that they are: (i) entitled to unpaid statutory minimum wages and/or for overtime work for which they did not receive overtime premium pay as well as misappropriated tips and/or gratuities (pursuant to New York Labor Law §196-d) (as set forth by *Samiento v. World Yacht, Inc.*, N.Y. Ct. of App., 2/14/08) and (ii) entitled to liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq.

2. Plaintiff further complains, on behalf of himself and other similarly situated current and former employees, that they are entitled to statutory minimum wages as well as unpaid wages for overtime work for which they did not receive overtime premium pay and/or uniform cleaning allowance, as required by New York Labor Law §§650 *et seq.*, including Part 142, §142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to

the Minimum Wage Act (Article 19 of the New York State Labor Law) and misappropriated tips and/or gratuities in violation of New York Labor Law §196-d.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

4. The Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendants' principal place of business is in this district and/or a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

7. Plaintiff, Jose Munoz ("Munoz"), resides in Queens County, New York.

8. Plaintiff regularly worked for Defendants in excess of forty (40) hours per workweek, without receiving statutory minimum wages as well as overtime compensation and Defendants also failed to pay Plaintiff a uniform cleaning allowance and/or misappropriated his tips and/or gratuities in violation of the New York Labor Law and the FLSA.

9. Upon information and belief, Defendant, Caffe Silvestri, Inc. ("Caffe Silvestri"), is a corporation organized and existing in the State of New York.

10. Upon information and belief, Defendant, Caffe Silvestri, owns and operates a restaurant.

11. Upon information and belief, Defendant, Anna Silvestri ("Silvestri") owns and operates a restaurant business known as Caffe Napoli ("Caffe Napoli").

12. Upon information and belief, Caffe Napoli is a restaurant located at 191 Hester Street, New York, New York, 10013.

13. Upon information and belief, Defendant, Café Silvestri, has a principal place of business at 191 Hester Street, New York, New York, 10013.

14. Upon information and belief, Defendant, Silvestri, owns, operates and/or controls the day to day operations and management of Café Silvestri and conducts business at 191 Hester Street, New York, New York, 10013 and jointly employed Plaintiff and other similarly situated employees at all relevant times.

15. Upon information and belief, each Defendant is an enterprise engaged in commerce or in the production of goods for commerce. Each Defendant is an enterprise because each performs its related activities for a common business purpose. Each Defendant is engaged in commerce or in the production of goods for commerce, because, inter alia, each Defendant has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.

16. Each Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees; controlled Plaintiff's work schedule and conditions of employment; determined the rate and method of his payment; and kept at least some records regarding his employment.

## COLLECTIVE ACTION ALLEGATIONS

17. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since August 7, 2005 to the entry of judgment in this case (the "Collective Action Period"), who were wait staff and other comparable positions with different titles and were non-exempt employees within the meaning of the FLSA and who did not receive minimum statutory wages and/or overtime at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek and/or did not receive tips and/or gratuities collected by Defendants for and on their behalf (the "Collective Action Members").

18. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

19. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

20. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

21. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. whether Defendants employed the Collective Action Members within the meaning of the FLSA;

    b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    c. whether Defendants failed to post or keep posted a notice explaining minimum and/or overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;

    d. whether Defendants failed to pay the Collective Action Members the statutory minimum wage and/or overtime compensation for hours worked in excess of forty hours per workweek in violation of the FLSA and the regulations promulgated there under;

    e. whether Defendants improperly withheld tips and/or gratuities, in violation of 29 U.S.C. §203(m);

    f. whether Defendants required an improper tip sharing pool;

g. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

h. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

i. whether Defendants should be enjoined from such violations of the FLSA in the future.

22. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

23. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

24. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since August 7, 2002, in the State of New York, to the entry of judgment in this case (the "Class Period"), who were wait staff and other comparable positions with different titles and non-exempt employees within the meaning of the New York Labor Law and have not been paid proper statutory minimum wages and/or overtime wages and/or who did not properly receive tips and/or who did not receive the uniform cleaning allowance and/or gratuities in violation of the New York Labor Law (the "Class").

25. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of

Defendants, upon information and belief, there are approximately 40 members of Class during the Class Period.

26. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendants.

27. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

28. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

29. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

30. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

    b. what proof of hours worked is sufficient where employers fail in their duty to maintain time and/or pay records;

    c. whether Defendants failed and/or refused to pay the members of the Class statutory minimum wages and/or time and one-half for all hours

worked in excess of forty hours per workweek and/or the uniform cleaning allowance;

d. whether Defendants withheld tips and/or gratuities within the meaning of the New York Labor Law in violation of New York Labor Law §196-d;

e. whether Defendants requires members of the Class to participate in an improper tip sharing pool;

f. whether Defendants failed to post the notice required by New York Labor Law §198-d;

g. whether Defendants violated New York Labor Law §§ 191, 193 and/or 195;

h. whether the individual Defendants participated in the day to day management of Defendant and are "joint employers" and liable to Plaintiffs;

i. whether the Defendants' actions, as alleged, were willful or with reckless disregard of the law;

j. whether Defendants and Individual Defendants are liable to Plaintiffs for compensatory damages, interest, costs and disbursements and attorneys' fees;

k. whether the Statute of Limitations should be estopped or tolled due to Defendants' statutory violations; and

l. whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF THE FACTS

31. Plaintiff, Munoz, was a wait staffer employed by Defendants from on or about April, 1997 until on or about March 16, 2008 (the "time period").

32. Upon information and belief, Defendants failed to pay Plaintiffs an allowance for the purchase, care and cleaning of their uniforms that Defendants required them to wear during their employment for the Defendants.

33. Defendants are required by Labor Law §196-d to remit Gratuities in their entirety to their appropriate employees.

34. Upon information and belief, Defendants retained all or a substantial portion of the Gratuities that it received from customers without paying same to Plaintiff and the other members of the class.

35. Upon information and belief, Defendants did not inform Plaintiff and/or the similarly situated employees of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

36. Upon information and belief, Defendants unlawfully redistributed part of Plaintiffs' tips to employees in positions that do no customarily and regularly receive tips.

37. Upon information and belief, Defendants imposed upon Plaintiffs and/or similarly situated employees a tip redistribution or sharing scheme to which they had never agreed.

38. Upon information and belief, Defendants violated Labor Law §191(1)(a) by failing to pay Plaintiff and other members of the class weekly as required by statute.

39. Upon information and belief, Defendants violated Labor Law §195(1) by failing to notify Plaintiff and other members of the class at the time of hiring of the rate of pay and of the regular pay day designated Defendants.

40. Upon information and belief, Defendants violated Labor Law §195(3) by failing to furnish each Plaintiff and other members of the class with a statement with every payment of wages, listing gross wages, deductions and net wages, and an explanation of how such wages were computed.

41. Upon information and belief, Defendants violated Labor Law §195(4) by failing to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

42. Upon information and belief, Defendants violated Labor Law §198-d by failing to post as required by statute.

43. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

44. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

45. Plaintiff often worked in excess of 40 hours a week, yet Defendants willfully failed to pay Plaintiff and wait staff employees statutory minimum wages, overtime compensation of one and one-half times their regular hourly rate and/or failed to remit to Plaintiffs and other similarly situated employees tips and/or gratuities in violation of the FLSA and the supporting New York State Department of Labor Regulations.

46. Upon information and belief, it is Defendants' uniform policy and procedure not to pay compensation to Plaintiff and other members of the class statutory minimum wages, overtime compensation as well as the uniform cleaning allowance and/or to fail to remit to Plaintiff and other members of the class tips and/or gratuities.

47. Plaintiff, Munoz, commenced his employment with the Defendants on or about April, 1997 until on or about March 16, 2008. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment and his duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. He does not have the authority to hire or fire other employees, and he is not responsible for making hiring and firing recommendations.

48. Such individuals have worked in excess of 40 hours a week, yet Defendants have likewise willfully failed to pay them statutory minimum wages and/or overtime compensation of one and one-half times their regular hourly rate, uniform cleaning allowance and/or failed to remit to them tips and/or gratuities in violation of the FLSA and the supporting New York State Department of Labor Regulations. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of Defendants and can be ascertained through appropriate discovery.

49. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, Defendants failed to maintain accurate and sufficient time records.

50. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

51. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

52. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§203(a), (m), 206(a) and 207(a).

53. At all relevant times, Defendants employed and/or continued to employ, Plaintiff within the meaning of the FLSA.

54. Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

55. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b). Plaintiff's written consent is attached hereto and incorporated by reference.

56. At all relevant times, Defendants had a policy and practice of refusing to pay to its employees statutory minimum wages and/or overtime compensation for their hours worked in excess of forty hours per workweek and/or failed to remit Gratuities received for and on their behalf.

57. As a result of Defendants' willful failure to compensate its employees, including Plaintiff for statutory minimum wages and/or overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek and the retention of Gratuities, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §§207(a)(1) and 215 (a).

58. Upon information and belief, at all relevant times, Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4.

59. As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

60. Upon information and belief, Defendants unlawfully redistributed portions of the tips received by on for and on behalf of Plaintiff and the Class Members to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. §203(m) and supporting regulations.

61. Upon information and belief, Defendants failed to pay Plaintiff and the Class Members enough to satisfy the tipped minimum wage as set forth in the FLSA, 29 U.S.C. §203(m) because the actual amount of tips received by Plaintiff and the Class Members was less than the amount Defendants used as a tip credit, in violation of the FLSA, 29 U.S.C. §203(m) and supporting federal regulations, including but not limited to 29 C.F.R. §§ 531.50, 531.59.

62. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

63. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid statutory minimum wages and/or overtime compensation and gratuities received and not remitted, an additional amount equal as liquidated damages,

reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

64. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

66. Defendants willfully violated Plaintiff's rights by failing to pay him statutory minimum wages, overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, an allowance for the cleaning of uniforms and/or failed to remit to them tips and/or gratuities, in violation of the New York Labor Law and its regulations.

67. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect the Plaintiff and the Class Members.

68. Defendants were required to pay Plaintiff and the Class Members a minimum wage at a rate of (a) $5.15 per hour for all hours worked from June 18, 2002 through December 31, 2004, (b) $6.00 per hour for all hours worked from January 1, 2005 through December 31, 2005, (c) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; and (d) $7.15 per hour for all hours worked from January 1, 2007 through the present time under the NYLL §652 and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §137-1.2.

69. Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

70. Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises, a notice issued by the New York State Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New York State Department of Labor Regulations including, but not limited to, the regulations in 12 N.Y.C.R.R. §137-2.3.

71. Upon information and belief, Defendants failed to furnish Plaintiff and the Class Members a statement with every payment of wages listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and supporting New York State Department of Labor Regulations including, but not limited to, the regulations in 12 N.Y.C.R.R. §137-2.2.

72. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid statutory minimum wages as well as overtime compensation, unpaid uniform cleaning allowance, unpaid tips and/or gratuities, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1). Plaintiff waives liquidated damages for the Class pursuant to the New York Labor Law.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff, Munoz, and his counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff, Munoz, and his counsel to represent the Collective Action Members and tolling of the statue of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid statutory minimum wages and overtime compensation and/or unpaid tips and/or gratuities under the FLSA and the New York Labor Law and uniform allowance under the NYLL;

f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay statutory minimum wages and/or

overtime compensation and failure to remit gratuities pursuant to 29 U.S.C. § 216;

g. An award of prejudgment and post-judgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
August 7, 2008

_____
Jeffrey M. Gottlieb, Esq.

Attorneys for Plaintiffs
Gottlieb & Associates
Jeffrey M. Gottlieb, Esq. (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212)228-9795
Fax: (212)982-6284

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _Cauwe Silvestri Napoli Cawe, Myra Silvestri_ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_[signature]_     08/05/08     JOSE MUNOZ
Signature         Date         Print Name